## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **VIADNEY ARIZA,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **vs.** | **:** | |
| | **:** | **Civil Action Number:** |
| **LA MERCED PRODUCE, LLC,** | **:** | |
| **HUGO GONZALES and ALEJANDRO** | **:** | |
| **GONZALES,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## COMPLAINT

Plaintiff Viadney Ariza, by and through the undersigned counsel, brings this complaint against Defendants La Merced Produce, LLC, Hugo Gonzales and Alejandro Gonzales and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA" to (1) recover the overtime pay that was denied him and an additional amount as liquidated damages; and (2) for his costs of litigation, including his reasonable attorneys' fees.

- 1 -

## JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant La Merced Produce, LLC is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

### 4.

Plaintiff resides within Clayton County, Georgia.

5.

Defendant La Merced Produce, LLC hereinafter "La Merced" employed Plaintiff as a Shipper/Receiver in and around 150 Forest Parkway, Suite D, Forest Park, Georgia  from on or about May 2005 until December 10, 2011.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of La Merced as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about December 10, 2008 until December 10, 2011, Plaintiff has been "engaged in commerce" as an employee of La Merced as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about December 10, 2008 until December 10, 2011, Plaintiff has been engaged in the "production of goods for commerce" as an employee of La Merced as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

La Merced is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, La Merced has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about December 10, 2008 until December 10, 2011, La Merced was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2008, La Merced had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2009, La Merced had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2010, La Merced had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, La Merced had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2008, La Merced had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2009, La Merced had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2010, La Merced had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2011, La Merced had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2008, La Merced had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2009, La Merced had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2010, La Merced had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, La Merced had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2008, La Merced had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

25.

During 2009, La Merced had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

26.

During 2010, La Merced had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

27.

During 2011, La Merced had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

28.

At all times material hereto, La Merced has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

La Merced is subject to the personal jurisdiction of this Court.

30.

Defendant Hugo Gonzales (hereafter "Hugo Gonzales") resides within Clayton County, Georgia.

31.

At all times material hereto, Hugo Gonzales exercised operational control over the work activities of Plaintiff.

32.

At all times material hereto, Hugo Gonzales was involved in the day to day operation of La Merced in which Plaintiff worked.

33.

At all times material hereto, La Merced vested Hugo Gonzales with supervisory authority over Plaintiff.

34.

At all times material hereto, Hugo Gonzales exercised supervisory authority over Plaintiff.

35.

At all times material hereto, Hugo Gonzales scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

36.

At all times material hereto, Hugo Gonzales exercised authority and supervision over Plaintiff's compensation.

37.

At all times material hereto, Hugo Gonzales has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

38.

Hugo Gonzales is subject to the personal jurisdiction of this Court.

39.

Defendant Alejandro Gonzales (hereafter "Alejandro Gonzales") resides within Clayton County, Georgia.

40.

At all times material hereto, Alejandro Gonzales exercised operational control over the work activities of Plaintiff.

41.

At all times material hereto, Alejandro Gonzales was involved in the day to day operation of La Merced in which Plaintiff worked.

42.

At all times material hereto, La Merced vested Alejandro Gonzales with supervisory authority over Plaintiff.

43.

At all times material hereto, Alejandro Gonzales exercised supervisory authority over Plaintiff.

44.

At all times material hereto, Alejandro Gonzales scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

45.

At all times material hereto, Alejandro Gonzales exercised authority and supervision over Plaintiff's compensation.

46.

At all times material hereto, Alejandro Gonzales has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

47.

Alejandro Gonzales is subject to the personal jurisdiction of this Court.

48.

At all times relevant to this suit, Plaintiff was not exempt from the payment of an overtime premium pursuant to 29 USC § 213.

**COUNT I — FAILURE TO PAY OVERTME**

49.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

50.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

51.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

52.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from December 10, 2008 through December 10, 2011.

53.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from December 10, 2008 through December 10, 2011.

54.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF